UNITED STATES DISTRICT
COURT DISTRICT OF COLORADO

CASE NO.:

CARLOS BRITO,

       Plaintiff,

v.

TONY M TRUONG, HIEN T VAN and
MIGLIORE GUSTO, LLC,

       Defendants.

_____/

## **COMPLAINT**

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, TONY M TRUONG, HIEN T VAN and MIGLIORE GUSTO, LLC (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1.      This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.      Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, who splits

his time between Miami-Dade County, Florida and El Paso County, Colorado, and is otherwise *sui juris.*

5.    At all times material, Defendants, TONY M TRUONG and HIEN T VAN, owned and operated a commercial retail location at 4492 Austin Bluffs Pkwy, Colorado Springs, Colorado (hereinafter the "Commercial Property"). The Commercial Property holds itself out to the public as "Marco's Pizza."

6.    At all times material, Defendant, MIGLIORE GUSTO, LLC was a Limited Liability Company organized under the laws of the state of Colorado with its principal place of business in Colorado Springs, Colorado.

7.    At all times material, Defendant, MIGLIORE GUSTO, LLC, owned and operated a retail restaurant location at 4492 Austin Bluffs Pkwy, Colorado Springs, Colorado (hereinafter the "Commercial Property"). The Commercial Property holds itself out to the public as "Marco's Pizza."

8.    Venue is properly located in the District of Colorado because Defendants' Commercial Property is located in Colorado Springs, Colorado, Defendants regularly conduct business within Colorado Springs, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Colorado Springs, Colorado.

FACTUAL ALLEGATIONS

9.    Although over twenty-eight (28) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

10.    Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.   In spite of this abundant lead-time and the

extensive publicity the ADA has received since 1990, Defendants continue to discriminate against

people who are disabled in ways that block them from access and use of Defendants' Commercial

Property and the restaurant business therein, including the retail shopping store.

11.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and

requires landlords and tenants to be liable for compliance.

12.     Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and

pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed

from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to

his impairment, including, but not limited to, not being able to walk or stand.   Plaintiff requires

the use of a wheelchair to ambulate.

13.     Defendants, TONY M TRUONG and HIEN T VAN, own, operate and oversee

the Commercial Property, its general parking lot and parking spots specific to the restaurant

business therein, and they own, operate and oversee said Commercial Property located in Colorado

Springs, Colorado, that is the subject of this Action. Defendant MIGLIORE GUSTO, LLC owns,

operates and oversees the restaurant business located in Colorado Springs, Colorado, that is the

subject of this Action.

14.     The subject Commercial Property is open to the public and is located in Colorado

Springs, Colorado.   The individual Plaintiff visits the Commercial Property regularly, to include

a visit to the property on or about July 28, 2020 and encountered multiple violations of the ADA

that directly affected his ability to use and enjoy the property.   He plans to return to and often

visits the Commercial Property and the other business located within the Commercial Property, in

order to avail himself of the goods and services offered to the public at the restaurant business

therein, if the property/business become accessible.

15.      Plaintiff visited the Commercial Property as a patron/customer, regularly visits the Commercial Property and business within the Commercial Property as a patron/customer, and intends to return to the Commercial Property and restaurant business therein in order to avail himself of the goods and services offered to the public at the property.   Plaintiff spends much of his time in and near El Paso County, Colorado, in the same state as the Commercial Property, has regularly frequented the Defendants' Commercial Property and business located within the Commercial Property for the intended purposes, and intends to return to the property within four (4) months' time of the filing of this Complaint.

16.      The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

17.      The Plaintiff, CARLOS BRITO, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and restaurant business therein.   The barriers to access at Defendants' Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety.   The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

18.      Defendants, TONY M TRUONG, HIEN T VAN and MIGLIORE GUSTO, LLC own/or and operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.   Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, TONY M TRUONG, HIEN T VAN and MIGLIORE GUSTO, LLC, own and operate is the

4

Commercial Property business located at 4492 Austin Bluffs Pkwy, Colorado Springs, Colorado.

19.     Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the restaurants and business therein, but not necessarily limited to the allegations in Paragraph 22 of this Complaint.   Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located within the Commercial Property, not only to avail himself of the goods and services available at this Commercial Property and restaurant business therein, but to assure himself that the property and restaurant business therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and restaurant business therein without fear of discrimination.

**COUNT I**
**AS TO DEFENDANTS TONY M TRUONG AND HIEN T VAN and MIGLIORE GUSTO, LLC**

20.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 19 above as though fully set forth herein.

21.     Defendants TONY M TRUONG, HIEN T VAN and MIGLIORE GUSTO, LLC have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

22.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have ten (10) or fewer employees and gross receipts of $500,000

or less).  A list of the violations that Plaintiff encountered during his visit to the Defendants'
Commercial Property and restaurant business within the Commercial Property, include, but are
not limited to, the following:

    A.  Parking

i.    The required number of van accessible parking spaces is not provided, violating Section
4.1.2(5b) and 4.6.1 of the ADAAG and Section 208.2.4 of the 2010 ADA Standards, whose
resolution is readily achievable.

    B.  Entrance Access and Path of Travel

i.    The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of
2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7
of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily
achievable.

ii.    The Plaintiff could not navigate the curb ramps without assistance, as there are curb ramps at
the facility that contain excessive flared side slopes, violating Section 4.7.5 of the ADAAG
and Section 406.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible.
Violation: There are inaccessible routes from the public sidewalk and transportation stop.
These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the
ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose
resolution is readily achievable.

    C.  Public Restrooms

i.   The restroom signage is not mounted at the required location, violating Section 4.30.6 of the ADAAG and Section 703.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The Plaintiff could not transfer to the toilet without assistance, as the rear grab bar is not the required length and the grab bars are not mounted at the required height. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 & 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

23.   The discriminatory violations described in Paragraph 22 are not an exclusive list of the Defendants' ADA violations.   Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS BRITO, from further ingress, use, and equal enjoyment of the Commercial Property and the restaurant business therein; Plaintiff requests to be

7

physically present at such inspection in conjunction with Rule 34 and timely notice.

24.	The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above.   The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

25.	Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.   Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

26.	Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.   Further, injunctive relief will serve the public interest and

all those similarly situated to Plaintiff.   Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27.     While Defendant, TONY M TRUONG AND HIEN T VAN, as landlord and owner of the Commercial Property Business, is primarily responsible for all ADA violations listed in this Complaint, tenants and landlords can be held is jointly and severally liable for ADA violations.

28.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29.     Notice to Defendants is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

30.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located within the Commercial Property located in Colorado Springs, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its

violations of the ADA.

WHEREFORE, The Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: September 2, 2020

**GARCIA-MENOCAL & PEREZ, P.L.**

*Attorneys for Plaintiff*
1600 Broadway, Suite 1600
Denver, CO   80202
Telephone:   (720) 996-3500
Facsimile:    (720) 381-0515
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mail: aquezada@lawgmp.com
bvirues@lawgmp.com.

By:     */s/ Anthony J. Perez*
        ANTHONY J. PEREZ
        BEVERLY VIRUES

10