IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–02680–KMT

CARLOS BRITO,

    Plaintiff,

v.

TONY M TRUONG, and
HIEN T VAN,

    Defendants.

## ORDER

Before the court is Plaintiff's "Motion to Strike Defendants Tony M Truong and Hien T Van's Affirmative Defenses." (["Motion"], Doc. No. 20.) No response has been filed to the Motion, and the time to do so has lapsed.

### STATEMENT OF THE CASE

On September 2, 2020, Plaintiff Carlos Brito commenced this action, alleging violations of Title III of the Americans with Disabilities Act ["ADA"], 42 U.S.C. § 12181, *et seq.*, against two commercial property owners, Defendants Tony M Truong and Hien T Van. (Doc. No. 1.) On September 25, 2020, Defendants filed an Answer to the Complaint, asserting ten affirmative defenses to Plaintiff's claims. (["Answer"], Doc. No. 6 at 4-6.) On October 29, 2020, Plaintiff filed the present Motion, asking to strike three of Defendants' affirmative defenses, pursuant to Federal Rule of Civil Procedure 12(f). (Mot. 1.) Plaintiff argues, specifically, that Defendants'

fifth, seventh, and ninth affirmative defenses "are insufficient either factually, legally, or both." (*Id.* at 1-2.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) provides, in pertinent part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Burrell v. Armijo*, 603 F.3d 825, 836 (10th Cir. 2010). "The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citing *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993)); *see also RTC v. Schonacher*, 844 F. Supp. 689, 691 (D. Kan. 1994) (stating that Rule 12(f)'s purpose "is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial").

Motions to strike are generally "disfavored," and "will only be granted under the rarest of circumstances." *KAABOOWorks Servs., LLC v. Pilsl*, No. 17-cv-02530-CMA-KLM, 2019 WL 1979927, at *5 (D. Colo. May 3, 2019) (citing *Sierra Club*, 173 F.R.D. at 285); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1380 (3d ed. 2004). Thus, the moving party's "burden of proof is a heavy one." *Holzberlein v. OM Fin. Life Ins. Co.*, No. 08-cv-02053-LTB, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008). And, "[e]ven where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike." *Sierra Club*, 173 F.R.D. at 285. Irrespective of whether the moving party has met his burden to prove that allegations contained in a pleading violate Rule 12(f), the court retains discretion to grant or deny

the motion to strike. *See Scherer v. U.S. Dep't of Educ.*, 78 F. App'x 687, 689 (10th Cir. 2003) (unpublished) (reviewing a district court's ruling on a motion to strike for abuse of discretion); *see also* Fed. R. Civ. P. 12(f) (denoting only that allegations that are subject to Rule 12(f) "may" be stricken).

## ANALYSIS

### *I. Affirmative Defense No. 5*

Defendants' fifth affirmative defense states as follows: "Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*." (Answer 5 at Fifth Defense.) Plaintiff argues, in the present Motion, that this putative defense "is improper and inapplicable to the issues at bar," because it "attempts to shift [the] burden of ADA compliance on Plaintiff." (Mot. 2.)

"The equitable defense of *in pari delicto*, which literally means 'in equal fault,' is rooted in the common-law notion that a plaintiff's recovery may be barred by his own wrongful conduct." *Pinter v. Dahl*, 486 U.S. 622, 632 (1988) (citing *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 306 & n.12-13 (1985)). The doctrine holds that a plaintiff "may not assert a claim against a defendant if the plaintiff bears fault for the claim." *Thabault v. Chait*, 541 F.3d 512, 526 (2008) (citation omitted). An *in pari delcito* defense is viable, "only where (1) as a direct result of his own actions, the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress; and (2) preclusion of suit would not significantly interfere with the effective enforcement of [federal law]." *Bateman Eichler*, 472 U.S. at 310-11. "The first prong of this test captures the essential elements of the classic *in pari delicto* doctrine." *Pinter*, 486 U.S. at 633 (citation omitted). "The second prong, which

3

embodies the doctrine's traditional requirement that public policy implications be carefully considered before the defense is allowed, ensures that the broad judge-made law does not undermine the congressional policy favoring private suits as an important mode of enforcing federal [] statutes." *Id.* (internal citation omitted).

Here, the court has been unable to locate any case in which the *in pari delicto* doctrine has been utilized, or even recognized, as a viable affirmative defense against an ADA claim. *See Campbell v. Moon Palace, Inc.*, No. 11-60274-CIV, 2011 WL 3648562, at *2-4 (S.D. Fla. Aug. 19, 2011) (observing the same); *Doe v. Deer Mountain Day Camp, Inc.*, 682 F. Supp. 2d 324, 338 n.31 (S.D.N.Y. 2010) (expressing doubt as to the applicability of unclean hands (a corollary to the *in pari delicto* doctrine) to ADA actions); *see also Pinter*, 486 U.S. at 633 (cautioning that "public policy implications [must] be carefully considered before the [*in pari delicto*] defense is allowed"). Further, "[p]ublic policy encourages private actions [such as the ADA] as enforcement devices for the public interest, even though a windfall may accrue to a wrongdoing plaintiff." *Berner v. Lazzaro*, 730 F.2d 1319, 1322 (9th Cir. 1984); *see also PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001) (discussing the "broad mandate," "comprehensive character," and "sweeping purpose" of the ADA in "eliminat[ing] discrimination against disabled individuals[] and . . . integrat[ing] them into the economic and social mainstream of American life") (internal quotation marks omitted); *Levorsen v. Octapharma Plasma, Inc.*, 828 F.3d 1227, 1230 (10th Cir. 2016) (stating that courts "must construe [Title III of the ADA] liberally to afford individuals with disabilities access to the same establishments available to those without disabilities").

4

Importantly, even assuming an *in pari delicto* defense is applicable to ADA claims, the possible connection between that defense and the claims asserted in this case is not obvious or inferable from the pleadings. Indeed, such a defense is available only where, "as a direct result of his own actions, the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress." *Bateman Eichler*, 472 U.S. at 310-11. Here, Defendants fail to specify what, if any, wrongdoing Plaintiff engaged in, much less how that wrongdoing relates to Plaintiff's ADA claims. As such, the court finds that Plaintiff would be unduly prejudiced, if he were required to expend time and effort researching the *in pari delicto* doctrine's potential applicability to this case. *See Knighten v. Allstate Ins. Co.*, No. CIV-17-683-D, 2018 WL 718533, at *3 (W.D. Okla. Feb. 5, 2018) (striking affirmative defenses for lack of relationship to the pleaded claims).

For those reasons, Defendants' fifth affirmative defense will be stricken.

## II.  *Affirmative Defense No. 7*

Defendants' seventh affirmative defense provides: "Plaintiff failed to take reasonable steps to mitigate, alter, or otherwise reduce his alleged damages, including attorneys' fees and costs, and any damages and/or fees awarded to Plaintiff should be reduced accordingly." (Answer 5 at Seventh Defense.) Plaintiff challenges this affirmative defense, on the grounds that it is "improper" and "wholly irrelevant," given that the ADA does not "impose a duty" on the plaintiff "to mitigate damages or provide notice prior to bringing suit." (Mot. 2-3 (citing 42 U.S.C. §§ 12182, *et seq.*).)

Here, the court agrees that there is no apparent duty to mitigate damages, or to provide pre-suit notice, under Title III of the ADA. *See Cohan v. Genji Novi, Inc.*, No. 19-10786, 2019

5

WL 4051747, at *2-3 (E.D. Mich. Aug. 28, 2019) (striking similar affirmative defenses on that basis); *see also Assoc. of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1360 (11th Cir. 2006) ("We stress that pre-suit notice is not required to commence suit under the ADA and that lack of pre-suit notice does not compel a reduction of the requested fee award."). Therefore, in the absence of any response from Defendants on this issue, the seventh affirmative defense will also be stricken.

### III.  Affirmative Defense No. 9

Defendants' ninth affirmative defense provides: "At all times relevant to the Complaint, Defendants have acted on good faith interpretations of disabled access laws and provisions, which reliance and interpretations preclude any recovery by Plaintiff based on the allegations of the Complaint."  (Answer 5 at Ninth Defense.)  Plaintiff argues that this affirmative defense is also "improper," because it is "immaterial" under the ADA "whether Defendants acted in good faith or intentionally," as "the ADA makes no exception for 'good faith' noncompliance."  (Mot. 3.)

The court finds that this affirmative defense must also be stricken, as Defendants' purported "good faith" is irrelevant to their liability under Title III of the ADA.  *See Rodriguez v. LB Delray Beach, LLC*, No. 12-81268-CIV, 2013 WL 3791639, at *1 (S.D. Fla. July 19, 2013) (striking a similar affirmative defense, because "[w]hether or not Defendant acted in good faith is irrelevant"); *Figueroa v. Islands Restaurants L.P.*, No. CV 12-00766-RGK (JCGx), 2012 WL 2373249, at *4 (C.D. Cal. June 22, 2012) ("Because Defendants' intent is irrelevant to Plaintiff's [ADA] claims, a defense of 'good faith interpretation of the law' is an insufficient defense."); *see*

*also Helen L. v. DiDario*, 46 F.3d 325, 335 (3rd Cir. 1995) ("[W]e will not eviscerate the ADA by conditioning its protections upon a finding of intentional or overt 'discrimination.'").

Accordingly, it is

**ORDERED** that the "Motion to Strike Defendants Tony M Truong and Hien T Van's Affirmative Defenses" (Doc. No. 20) is **GRANTED**. Defendants' **fifth, seventh, and ninth affirmative defenses** (Doc. No. 6 at 5) are **STRICKEN**.

Dated this 6th day of April, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge