IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02680-MEH

CARLOS BRITO,

    Plaintiff,

v.

TONY M. TRUONG and
HIEN T. VAN,

    Defendants.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Motion for Leave to File a Response to Plaintiff's Motion for Summary Judgment (ECF 40) to which Plaintiff has responded in opposition (ECF 42). Also before the Court is Defendants' Response to Order to Show Cause. ECF 39. For the foregoing reasons, the Order to Show Cause (ECF 34) is vacated, and Defendants are granted leave to file a Response to Plaintiff's Motion for Summary Judgment.

## BACKGROUND

Plaintiff is a disabled person who "splits his time between Miami-Dade County, Florida, and El Paso County, Colorado." ECF 1 at ¶¶ 4, 12. Defendants own a commercial property in Colorado Springs, Colorado, where Migliore Gusto, LLC operates a pizzeria restaurant. *Id*. at ¶¶ 5-7. Plaintiff alleges that when he visited the property on July 28, 2020, he encountered multiple violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq*. ("ADA").

He commenced this civil action against Defendants (as well as Migliore Gusto, LLC, as a Co-Defendant) on September 2, 2020.

Both Defendants and Migliore Gusto, LLC appeared in this lawsuit to defend against the complaint, although through separate counsel. Jeffrey Vail, Esq. represented Defendants. The parties consented to magistrate judge trial jurisdiction and to United States Magistrate Judge Tafoya serving as the presiding judge. ECF 17. Judge Tafoya entered a Scheduling Order on October 29, 2020. ECF 18. On February 25, 2021, pursuant to a Joint Notice of Settlement, Migliore Gusto, LLC was dismissed as a party to this lawsuit. ECF 29.

Earlier, on October 29, 2020, Plaintiff had moved to strike three of Defendants' affirmative defenses. Defendants did not respond in opposition, and on April 6, 2021, Judge Tafoya granted the motion. ECF 30.

On June 28, 2021, the dispositive motions deadline, Plaintiff moved for summary judgment. ECF 31. Defendants did not respond to that motion either. No ruling was made on it by the time of Judge Tafoya's retirement and the case's transfer to the undersigned judicial officer on February 1, 2022. ECF 33.

The record suggests no participation in this litigation by Defendants after entry of the Scheduling Order. The first subsequent docket entry that concerns them is the Advisory Notice by the Clerk of Court regarding the lack of good standing of their attorney, Mr. Vail. That notice was docketed on July 12, 2021, just a few weeks after Plaintiff had filed his motion for summary judgment. ECF 32. Upon the case's transfer, I ordered Defendants to address their apparent non-participation and to show cause why they should not be found in default. ECF 34.

Although no longer in good standing, Mr. Vail remained in the Court's file as Defendants' counsel of record. He never filed a motion to withdraw his representation, and indeed, he remains

counsel of record still. The Clerk of Court sent a copy of the Order to Show Cause to Mr. Vail. Presumably, it was through him that Defendants ultimately learned of it. The Order to Show Cause was docketed on February 2, 2022, and on February 14, 2022, new counsel appeared on Defendants' behalf.

In their Response (ECF 39) to the Order to Show Cause, Defendants recall that on January 31, 2021 (after Plaintiff had filed the motion to strike and just days before the Joint Notice of Settlement with Migliore Gusto, LLC), Mr. Vail emailed Defendants to say that he was closing his law practice for medical reasons and terminating his representation of them in this lawsuit. His email also contained a Dropbox link to case filings. However, Mr. Vail gave them no specific instructions or expressly advised them of any deadlines. Soon thereafter, Defendants learned from their tenant, Migliore Gusto, LLC, of its settlement with Plaintiff. That agreement obligated Migliore Gusto, LLC to bring the property into ADA compliance. "Based on these facts, [Defendants] mistakenly believed they had no further obligations in this action, until they received this Court's February 2, 2022 Order to Show Cause, which [they] received on February 12, 2022." *Id*. at 3. On the same day of its receipt, they retained their current counsel of record. *Id*. Defendants, through their new counsel of record, responded to the Order to Show Cause.

Defendants also ask to respond to Plaintiff's motion for summary judgment. Plaintiff opposes their request. As he portrays it, "Defendants ignored the litigation entirely" despite knowing that their original attorney, Mr. Vail, no longer would be practicing law and that the lawsuit remained open and active. ECF 42 at 2. It was "an act of willful ignorance" which the Court should not reward. *Id*. at 3.

3

**DISCUSSION**

As Plaintiff himself emphasizes, this civil action has remained open and his summary judgment motion is still pending. Plaintiff prefers that the Court rule on his motion without allowing Defendants the opportunity to respond. However, that does not necessarily mean that the Court may grant his motion simply as a matter of default. The Tenth Circuit disfavors summary judgment entered purely for the non-moving party's failure to respond. *Murray v. City of Tahlequah, Okla.*, 312 F.3d 1196, 1199-1200 (10th Cir. 2002). Summary judgment is appropriate only when the moving party has met his initial burden of production under Rule 56(c), even if there is no response in opposition. *Id*. More broadly, the court strongly favors resolving disputes on their merits rather than by default. *In re Rains v. Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991). "The Federal Rules of Civil Procedures generally embody an effort to ensure that courts decide cases based on the strength of the adversaries' arguments rather than on the skillful use of technicalities." *Lawton v. Ctr. Stock Co., LLC*, No. 06-cv-01125-REB-MEH, 2006 WL 8461250, at *1 (D. Colo. Nov. 6, 2006) (citing *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp. 2d 2, 9 (D.D.C. 2004) (internal citation omitted). Judgment by default is a harsh remedy that is reserved for when an unresponsive party has caused the adversarial process to come to a halt. *Rains*, 946 F.2d at 732-33; *Lawton*, 2006 WL 8461250 at *1.

Here, Defendants are not wholly unresponsive. They initially answered the complaint and participated in the litigation, and now, with new counsel, resume their participation. Of course, they were absent from the litigation for a significant length of time, and they now ask to respond to the summary judgment motion well after the deadline to do so has passed. The dispositive question therefore is whether Defendants should be given the additional time to do so, and that in return involves consideration of the delay's reasons.

4

Rule 6 of the Federal Rules of Civil Procedure provides that when an act must be done within a specified time, the court may extend the time "on motion made after the date has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Congress plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (interpreting "excusable neglect" in the context of the federal rules of bankruptcy procedure); *see also Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (applying *Pioneer* definition to Rule 6(b) analysis). The Tenth Circuit holds that a finding of excusable neglect under Rule 6(b)(1)(B) requires both a demonstration of good faith by the party seeking the enlargement and a finding that there was a reasonable basis for not complying within the specified period. *In re Four Seasons Securities Laws Litigation,* 493 F.2d 1288, 1290-91 (10th Cir. 1974). Thus,

> [t]o determine whether the neglect is "excusable," the court must take account of all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Control over the circumstances of the delay is "the most important single . . . factor . . . in determining whether neglect is excusable."

*Stringfellow v. Brown,* 105 F.3d 670, 1997 WL 8856, at *1 (10th Cir. 1997) (holding that the trial court properly rejected a late filing where it appeared plaintiff's counsel knew of his obligation to respond, but simply disregarded the deadline based upon the volume of evidence to review and his own workload) (internal citations omitted); *see also Schupper v. Edie,* 193 F. App'x 744, 746, 2006 WL 2053769, *2 (10th Cir. 2006) (affirming trial court's consideration of factors and conclusion of plaintiff's failure to demonstrate excusable neglect). Rule 6(b)(1)(B)'s "excusable

5

neglect" standard requires an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." *Pioneer,* 507 U.S. at 395.

The full circumstances of this situation warrant a finding of excusable neglect. At its root, the reason why Defendants stopped actively participating in this lawsuit was personal difficulties that their original attorney encountered for which they themselves were not directly responsible. Their attorney did inform them of his inability to continue on this case, and ideally, notice of such should have prompted Defendants to obtain new counsel as quickly as possible. In the meantime Defendants also should have been more pro-active to ensure compliance with all obligations of the lawsuit. However, there was the complicating factor of Plaintiff's contemporaneous settlement with the tenant, Co-Defendant, Migliore Gusto, LLC. News of that development reasonably could have caused Defendants mistakenly to believe that Plaintiff's grievance had been redressed and the lawsuit rendered moot.

Perhaps Defendants should have taken greater action in response to their initial attorney's email, but that does not necessarily mean they acted in willful disregard of the litigation's obligations. As soon as they did learn that the case remains open and a summary judgment motion against them still pending, they responded very quickly indeed. The Court sees no bad faith on their part, and there is a reasonable explanation for what happened. Plaintiff offers no substantive legal argument to counter Defendants' claim of excusable neglect.

Other than the general fact of the delay itself, no specific prejudice to Plaintiff is evident. He settled with the restaurant operator before substantive litigation activity occurred, and the overall course of the litigation has been relatively slow. It does not appear Plaintiff has incurred undue burden from the delay or litigation activities up to this point. Presumably, discovery was not undertaken at all. If not, the summary judgment motion may be premature.

6

**CONCLUSION**

Defendants show excusable neglect for the delay and willingness to resume litigation activity. Accordingly, the Order to Show Cause (ECF 34) is **vacated**, and Defendants' Motion for Leave to File a Response [filed February 23, 2022; ECF 40] is **granted**. Because new counsel only recently entered the case on Defendants' behalf, the Court finds their request for twenty-one days to file their Response to Plaintiff's motion for summary judgment reasonable. Defendants shall file their Response on or before **March 28, 2022**.

Entered and dated at Denver, Colorado, this 7th day of March, 2022.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge